It pleases the Court. David Smith for Appellant Hanjin Shipping Company. We're appealing the District Court's denial of our motion to compel arbitration in this case. I'd like to reserve three minutes for rebuttal, if possible, Your Honors. We'll manage your own time, but I will remind you at the three-minute mark. I'll try to do that. Your Honors, we were asked by an order of the Clerk to address the standard of review that a District Court should consider in evaluating a motion to compel arbitration. So I'd like to start with that issue, if I could. Then we can get into anything else that you're interested in, or I have a few other points as well. This is an interesting question, and actually it's a little difficult to answer, because if you look at the Ninth Circuit cases on motions to compel arbitration, as well as the Supreme Court cases, the standard really isn't discussed at all, to be honest. The four cases that you cite in... Excellent question. We looked at the cases that you gave us, and in our view, probably the closest to what we think is a reasonable approach to this is the Third Circuit's consideration in the Gadotti case, which basically recommended a two-step approach analysis. Number one is a motion to dismiss sort of standard, very limited, and just to read their sentence from their opinion, where the affirmative defense of arbitrability of claims is apparent on the face of the complaint or documents filed, relied on in the complaint, the Arbitration Act would favor resolving the motion to compel under a motion to dismiss standard without the inherent delay of discovery. If you have a motion to dismiss, you don't have any discoveries, usually. Correct. I would have thought you would have argued in favor of a standard relying upon summary judgment review, where the parties, where the court can have the benefit of any discovery, as indeed it did later on in this action, not before us, but nonetheless. Why is that not the appropriate standard? Well, Your Honor, a couple of things. First of all, we believe that here, and we don't think that the standard makes a big difference in this case, because here there really aren't disputed facts, material facts and issue. Here it's very clear that... That's really interesting, particularly coming from your side. As I look at it, what you contend and what the other side contends are substantially different. For example, they claim they had no part in either the negotiation or the execution of the controlling document. You say they did, or had their representative. Apparently there's a dispute about whether the gates opened or closed. There's a dispute about when people came and so on. There are all kinds of significant material issues of fact. So I'm truly puzzled by your comment. Well our contention, Your Honor, is that those things are clear from the agreement itself. And if you look at the Ninth Circuit cases on this, what the court typically looks at is the agreement itself and what's in the complaint. And I would remind you there's no dispute about the effective agreement here. It's the Uniform Intermodal Interchange Agreement, the UIIA, which the plaintiffs pled in their complaints. So we all agree that that's the governing agreement. But whether or not there is either a procedural or substantive problem with it may bear on the economic power of one entity versus another, whether they participated, whether they had an opportunity to participate in or request amendments or anything like that. And I thought, from looking at the record, that all of that was in play from your perspective. You seem to be arguing the other side's case. Well, Your Honor, we believe that that's clear from the plain terms of the UIIA. The district judge didn't see it that way, did he? No, he didn't. He just thought this was a big shipping company that just crushed these poor trekkers and they just stuffed down their throat and the gates were closed and everything, no discovery, no anything, bang, it's over. But your argument, I gather, was to the contrary. No, that's not so. So which is it? Is there a dispute or isn't there a dispute? Your Honor, we believe, and you have de novo review here over the Court's decision. We obviously disagree with the district court's conclusion. Right. We believe that, we respectfully submit that the district court erred in reviewing the UIIA. In other words, we think the UIIA is very clear on those issues. So you don't think that discovery, you proposed a dismissals review, a standard of review, as opposed to discovery. So you don't think that in Ninth Circuit law that when a district judge or magistrate, if you stipulate, is reviewing a matter of this nature that it's important that the parties have discovery rights so they can present the issue to the judge to make a determination whether it in fact should be stricken or limited in some way? The Gadotti case discussed that, Your Honor, and said that there was an opportunity for number one, if the agreement was not clear on its face, which is the primary analysis of the agreement itself, and number two, if one of the parties raises factual issues and presents reasonable evidence suggesting that the agreement did not intend to provide arbitration of a disputed issue. Let me see if I understand your position correctly. If I'm interpreting what you're saying, one, you think we should adopt the Third Circuit approach, which is basically you look at the four corners, if you can resolve it on that basis, it's a motion to dismissal standard. If there are issues, if there are sufficient issues to get beyond that, then we do a limited discovery and summary judgment. And if you'll just let me, I gather your position in this case is the four corners of the document, solve it, no need to go further, the district we disagreed, the district, you should send it back down, it should be reevaluated with discovery on a summary judgment standard. True? Is that your position? That's basically it, Your Honor. Let me just add a couple of caveats, which I think are very important, and that is whatever standard needs to reflect the policies, number one, the policies of the Federal Arbitration Act, and that involves that if there's any question, it's resolved in favor of ordering arbitration. The court, this court, dealt with this in the Ferguson Corinthian Colleges case from last year. Dealt with what? Not with the, are you speaking now to the standard, or are you speaking now to? I'm talking about the standard, Your Honor. Okay. Let me just read you a sentence from that opinion. It said in evaluating the motion to compel arbitration and the scope of the arbitration agreement, we must look to the plaintiffs in Corinthian intended that public injunction claims be arbitrated. So they looked at the terms of the agreement, and then they say keeping in mind that any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration. So that's a very important thing. In summary judgment or motion to dismiss, which we think that's the best, but it doesn't exactly fit in this context because you have to factor in that presumption. If you don't mind, one follow-up question. The question that the Third Circuit left unanswered is then what happens next? They said proceedings consistent with that. So you evaluate under summary judgment stand. You say, well, they're genuine issues of material fact. I presume the logical outcome then is that there's an actual hearing and the court resolves the factual disputes. Yes, Your Honor. If the court finds through evidence that there are factual issues and that there's a reasonable indication that there are factual issues, then yes, there can be limited discovery. So in this case, assuming for the sake of argument that we get beyond the four corners of the document, what do you propose happened or should have happened in the district court? Our position, Your Honor, is that the district court should have looked at the UIIA and seen that it is totally fair and totally mutual and that it's not unconscionable because of the four corners of the document. I just said, hypothetically, if we agreed that the district court should have gone beyond the document, how do you think the district court erred in this case? In other words, if the district court... Not the standard? Well, no, what should have happened in this case? If, in fact, the district court legitimately believed there were factual issues and it couldn't be resolved on the four corners of the document, hypothetically, then what should the district court have done? Well, Your Honor, if the district court concluded that the document was not sufficient, which of course we disagree with, it could allow very limited, tailored discovery, factual inquiry to evaluate the issues that the court found needed to be resolved. Keep in mind, that's not a wide-ranging, broad-ranging, long discovery process. It's a narrow, tailored discovery process to address the specific issues involved. I must confess, Your Honor, I am, again, baffled by your position here. We've got allegations of procedural unconscionability and substantive unconscionability, each of which are intensely fact-based, and you're suggesting that all that the district court should be doing is to look at the four corners of the document? How can you possibly tell any of those things just by looking at the four corners of the document? How do they know, for example, how the district judges know whether these folks had an opportunity to propose an amendment? How do you know whether they had a representative that participated in the negotiations? How do you know what the power is of the entity that promulgated it? And basically, how do you know whether it was fair if you don't have discovery? Your Honor, first of all, the appellee's elite has not provided any evidence that would suggest that the terms of the agreement were not followed. And if you look at the agreement, the procedures are very fair. But that part, the substantive evaluation can be, as I understand your argument, can be made based upon the terms of the contract itself, right? Yes, particularly substantive unconscionability. That's almost always decided based on the terms of the agreement. Right. So under California law, to look at the procedural prong and to get back to Judge Smith's question, if I'm understanding your position correctly, I can certainly understand in a different case there may be a different answer to this question. But I think I heard you say that it would be a case-by-case determination, and that in this case there are not disputed issues of fact, because if I understand your position correctly, elite says this contract was presented to them on a take-it-or-leave-it basis. And I understand your client's position to be we negotiated this contract with a trade group. They're a part of the trade group. They had the opportunity to be at the table or have a representative at the table. And elite doesn't contest that, right? Those facts. Correct. So then it's a question of the judge, the court, determining whether or not or how to weigh that on the procedural unconscionability scale. Is that right? Correct, yes. And keep in mind that... So could I just finish that? Oh, sure. I'm sorry. I thought you were finished. We've had a lot of cases this week, so I just want to make sure that I'm following your position. I can well envision a different case, counsel, where on the procedural side there may be, in particular on the procedural side, there may be facts at issue that would require some limited discovery before the court could get to what would then be a summary judgment ruling. Is that a fair assessment of your position? That this isn't one of those cases? Exactly. Yes. We certainly accept that in some cases there could be additional factual inquiry necessitated. And that's kind of the way contract interpretation is done. You look at the contract, and as a couple of the cases have decided, you look at the contract, and if the contract is ambiguous, then you have extrinsic evidence that's allowed in interpreting the contract. And we believe that's a similar and applicable concept here. So you're basically saying this whole thing boils down to an integration clause? In other words, there's an integration clause in the agreement. It's in the four corners of the fraud or, you know, fraud in the factum. You're done. Is that right? Well, we believe that the procedures are clear in the agreement. So that's sufficient to find that it's not unconscionable. But their contention is, in their 1.1 and a half page affidavit, was, you know, we just got this thing stuffed down our throat. This is a terrible, unconscionable contract. You don't even look at it, Your Honor. Isn't that what they said? Yes. That's what they said. I don't even know whether that's true. And based upon your contention, how would the judge resolve it? I mean, we've got several district courts that have adopted the summary judgment standard, allowing discovery to deal with this very kind of thing. But in this case, notwithstanding the fact that the district judge later indeed changed his mind and did what you're talking about, based upon new evidence. So I'm puzzled with your concept that somehow it's just a pure integration clause, particularly in light of the California Supreme Court recent review of what those really mean under California law. And this is admittedly a California-based situation. Yes. Yes. So is that what it is? Is it an integration clause construction? I would not say, I would not go that far, Your Honor, because we do accept that there is where factual inquiry is justified. Would this be one of them? We don't believe it is. But if you find that it is, we think that that is appropriate. How would you respond to the page-and-a-half affidavit that your opposing side presented to the district judge, which resulted in the initial decision? How do you counter that? Go ahead and have it. Well, Your Honor, we're — I'm out of time. Go ahead and answer. How we would counter it is this. The fact that — even assuming that that affidavit is true, that it's based on a take-it-or-leave-it basis, you have to look at the context of that. The cases are very clear. And the Fifth Circuit, in reviewing California law five days ago, concluded that a contract of adhesion on a take-it-or-leave-it basis is only the beginning of the process. But how do you know whether it's a contract of adhesion without discovery? Well, you look at the contract, which in this case, the arbitration provision was included in the contract six years after a leak joined the UIIA. But that's a tautology. You're just saying, it's here, so let's go around the block and there it is again. You know, that doesn't really help us with anything. You cannot really tell whether it's a contract of adhesion until you know the economic strength, bargaining power of one side, the way it was negotiated, who did what to whom, whether there's a chance to amend, et cetera, et cetera. But, Your Honor, the district court acknowledged, and Alit acknowledges, that Alit and Hanjin did not negotiate the contract. So the issue is not Hanjin's bargaining strength or Alit's bargaining strength, big, small. The question is the people who negotiated the UIIA arbitration provision, which was two truckers, similar to Alit, two shipping companies, similar to Hanjin, and two railroads, which were kind of the, and they're the ones that negotiated the UIIA arbitration provision. They had equal voting power, and to do a modification, the arbitration provision, there had to be a three-quarters vote, which meant that one of the truckers had to vote for the modification. What they said in their affidavit was, putting in a couple of terms, the agreement was presented to Alit that's put in on a take-it-or-leave-it basis. That is to say, Alit only had the choice to accept the terms of the agreement or forego operating as a motor carrier. Now, how could you possibly know whether that's true without doing discovery? Your Honor, we, well, you're right, but we would suggest that that doesn't get you to the final decision. In other words, I hope that, I hope you'll ask the other side for a fee. I'm sorry? I say, I hope you'll ask the other side for a fee. Well, Your Honor, as I say, we, we accept the, that, that standard that does allow some factional inquiry, but we believe that the agreement itself is very clear in its terms, and that it shows that it's not unconscionable, either procedurally or substantively, keeping in mind that they have the burden to show both. They must show, they have the burden and they must show both procedural and substantive. So even, for example, if you accepted that it was procedurally unconscionable because of that, which, of course, we don't agree with, if you look at the substantive side, which is pretty much done on the four corners of the agreement, I think if you look at the cases, that's, that's typically the way things are analyzed, if there's not substantive unconscionability, then they've failed, keeping in mind, again, the standard under the FAA that if there are doubts or if there are questions, it's resolved in favor of compelling arbitration. Thanks, counsel. I'll give you a couple minutes for rebuttal. Thank you, Your Honor. Good morning, Your Honors. David Wright on behalf of Plaintiff and Respondent Elite Logistics Corporation. I want to begin just very briefly by commenting on, on one thing said by Mr. Smith a moment ago, which is that taking the position that Hangen wasn't involved in drafting the agreement and therefore that somehow obviates the procedural unconscionability, Ninth Circuit law is clear that in that regard, it's not just with regard to contracts of adhesion and procedural unconscionability, it's not just who drafted it, it's who is imposing it. Counsel, could I ask you to address the question that I had a minute ago, which really goes to whether there's a dispute of fact on the procedural side. Your brief declaration, your client's brief declaration, says that this was presented on a take-it-or-leave-it basis, and I don't think that's disputed. Has there ever been a dispute about the fact that your client was required to sign that contract in order to do business with Hangen? Is that a disputed fact? I don't believe it is a disputed fact that it was presented on a take-it-or-leave-it basis. Thank you. What about the other, the flip side that the district court had to, to consider? Of course, Hangen responds by saying, we negotiated with this trade group, that your client was a part of the trade group, had the ability to participate, and I don't think you, your client has disputed that either. Is that right? There, the, our client did not dispute that in his declaration, and that goes in, at least in part. What he did say was, he had no involvement in it. What we do know is that he was, based on the evidence produced, introduced by Hangen, that Elite signed the agreement in 2002. This agreement was already drafted before. So, I'm not sure you're getting to my point. My, my, my point is sort of at a 30,000-foot level, and I'm trying to figure out whether or not there are disputes of fact on the procedural side that Judge Prager's, forgive me, that the district court needed to have resolved in order to make the ruling it needed to make. And I, and I'm, really, what I'm trying to ask you is whether your client has disputed Hangen's representations about this, the, the structure of the trade group and your client's ability to participate in it. Well, they, they, I, I believe that the, my client's declaration did discuss whether he had an ability to negotiate or participate in that. He did not speak directly to what defendant was referring to, which is the appendix talking about the background of the creation of it and the, and the trade group committee. But that's, that actually is, while, while not disputed, is not dispositive. Right. But, I mean, are there any disputed facts? And, and, and that's I mean, I'm not talking about resolving about what the facts mean. Are there any disputed facts? Correct. And, and I believe So that's a yes or a no. And I believe that Are, are there? No, sir. I, I just don't, I don't, I'm listening to both of you. I don't hear any disputed facts. Are there? At this stage of the record, I don't believe there are disputed facts. Thank you. It's just a question of whether It wasn't a trick question. I, I apologize for being obtuse. Part of that goes to, and if I start where Mr. Smith started and where the court, through its order, had indicated, what should be the approach? What should have been the district court's standard? And I can address that, although I, I want to address that in theory, and then address it in application to the case. I agree with the Third Circuit approach. I agree with the Third Circuit approach. And the Third Circuit approach really is simply rooted in 9 U.S.C. 4. So, so is it your position under the Third Circuit approach that that would be a case-by-case assessment? And that in this case, because there's no dispute of fact, there need not have been discovery? No, I, I, I, I, I don't agree with that. In this case, and this is, this is the procedural peculiarity of this case. Defendant filed a petition to compel arbitration. Significantly, they did not do so within the four corners of the document. They, of the pleading, they submitted a declaration of Desmond Carl, Cornelius Desmond, to supplement the facts alleged in the pleading, and so they themselves went outside of it. Plaintiff had sought discovery, was denied discovery. We submitted the declaration of our client in opposition to it. But I think that this was beyond a 12B6 motion, both because of, initially because of the way it was argued by the defendant. And so we had all Let's, let's assume for the sake of argument that we say, you know, the district court should have evaluated under some rank judgment standard, should have allowed discovery. What discovery would you have done? Oh, Your Honor, with discovery, we would have done, would have been going to, especially as, as the Court's already noted, the procedural unconscionability aspect of it. The form, what, how was this Who would you have deposed? I'm sorry? Who would you have deposed? We would have deposed people from the trade group, from the UIIA. We would have deposed people from Hanjin on, on their involvement in it. We would have, this is a, an analogous case to a Ninth Circuit case of, I'm sorry, I lost it for a moment, Quistar, Port Cornyby and Quistar, where you had, Quistar being the Amway successor, there was an arbitration provision, a contract that Quistar, the national organization, entered into with independent business owners. They claimed in the course of the litigation that this contract was negotiated by representatives of the independent business owners and the national parent group. In fact, and this was more of a summary judgment, there was obviously discovery conducted there, it was learned that no junior independent business operators were able to serve on the committee or have any involvement whatsoever in the formation of the contract. Likewise here, although the defendant has referenced the appendix talking about there being representatives of the trucking industry to representatives that negotiate that, our client has had no ability to affect either who they would be. There's no evidence in the record as to about, as to whom has the authority to appoint the people that will be negotiating on behalf of the trucker, and there's no evidence as to the involvement of the individual trucking companies. So I gather your position would be this. You, the facts on the table are undisputed. If the district court had ruled against you, you would have been up here arguing we needed further discovery. Absolutely correct, which we asked for before, and that's why I said my, in, in my discussion of the theory is, is consistent with our view of this case, but we feel that even though we were denied discovery in this case, and even though it, it, it did warrant resolution on a summary judgment level, that the court, based on the record that was produced, and it was defendant's motion and, and our, our opposition, that there are no undisputed, I'm sorry, there are no disputed facts or material issue of facts, and that the district court's judgment is warranted. Here, defendant has expressly said they don't want discovery. They don't. That's puzzling to me, because one of the key elements of the district court's initial ruling was that California law barred what was done here, and then after discovery found out that the gates were not closed. They were open, and therefore there was no liability. How would you know, how would the district court know that the gates were open without discovery? Your Honor, with respect to whether the gates are open or closed, I would submit that that goes to the issue of, of plaintiff's substantive claim. The issue of... Well, it's what the, it's what the district court relied upon in, in large measure. No, I, I, I believe, Your Honor, that what the district court relied upon in its, in its dealing with, A, the procedural unconscionability of the contract, which... But, but how can you know, how can you know whether there's procedural unconscionability as developed under California law without the ability to undertake discovery? You mentioned earlier that had you, had you not, had you lost before Judge Pragerson, you would have been up here arguing that you should have had discovery. Absolutely. So didn't the district court err in not granting you and the other party a right to undertake discovery, limited, though it may be, but some discovery? Well, I think, I, I think that the error with regard to plaintiff and respondent is harmless because obviously the way it resulted. Defendant never requested discovery. Defendant has represented to this court in its, in its opening and reply briefs that discovery is not necessary. And so they have not made the request for it. So that, you know, we, we... You're in a puzzling position in the sense if we adopt the summary judgment standard, we find there are genuine issues of fact, and you say, well, we've already won. We don't need to go that far, right? If there were genuine issues of fact, if, if, if this panel found that based on the issues of fact, then it, I assume it would be bound to say the district court erred in saying there were not genuine issues of fact, and we'd be back for a trial on that issue. Right. And I think that may be some of the thrust of Judge Smith's questions is that on the record, some of us see genuine issues of fact. And indeed, this case is really peculiar because after this occurred, there was another motion I guess for partial summary judgment in which Judge Fragerson changed his mind, at least as to the point about the gate and whether there was a violation of California law, right? Well, what the, the judge, what Judge Fragerson did in the subsequent motion for partial summary judgment, the, the motion for partial summary judgment by caption was denied, but he found that the, it was denied because he found that it had discontinued the practice, that Hangen had discontinued the practice. He did not find that there was no liability or that, in other words, he was finding that indeed, Hangen had assessed charges historically in violation of California law. Well, bottom, bottom line from, as you know, from our perspective, we can't just look at this on a single case basis. This is most peculiar, the way this was handled. But on a, on a general basis, given the fact that you have a procedural and substantive element in each case of unconscionability under California law, is the correct standard for reviewing these matters a summary judgment standard or at least something like that, that permits some discovery to determine whether, in fact, there has been particularly procedural unconscionability. Especially with respect to the procedural problem, yes. Because you really can't determine it in any other way, can you? You really can't determine it in any other way. So, for example, in your, in your situation, and you didn't have to do this, but you said that had you lost, you'd have been up here saying you really need the right to depose the trade association folks, need to find out who was involved in the discussions, what role you had, and so on. Because otherwise, how do you, how do you have your evidence? Who's, who's going to sign the declaration or the affidavit, as the case may be? And if we had lost that, that would absolutely be our position. Your position is your declarations were sufficient, because your declarations were sufficient because they were unrebutted. That's correct. So I'm saying that that's what we would have been saying, but this was their, their position is the declarations are not relevant because it can be resolved within the four corners of the document. I mean, that's where we are. They say that, but their motion didn't reflect it. This wasn't a, this wasn't a 12b-6 only consider evidence within the four corners of the pleading motion by Defendant Hangen. Defendant Hangen filed a petition to compel with declarations and exhibits, notably the 12b-6, and so it itself took it outside. Now, it, it took it outside of the 12b-6, but then it failed to rebut or create genuine issues in rebutting Mr. Cain's declaration. So we believe that summary judgment is appropriate. We believe that summary judgment proceeding should allow for, and indeed must allow for, discovery onto the limited issues, you know, as contemplated by the Savings Clause and Section 4 of Title IX, but that in this case, because they failed to create a genuine issue of fact, that this Court can adopt that standard, but it doesn't mandate that this be sent back to the District Court for further proceedings because Defendant Hangen failed in their motion. The other thing that hasn't been discussed and that Hangen hasn't made a genuine issue of material fact about is that this, this contract, UIIA, was signed in 2002 by a lead. The arbitration provision came six years later in 2008 and was not signed off on, and there's, they don't contend that it was signed off on. They simply rely on the administrative procedures of the UIIA and the IANA, but there's no dispute. So this falls within those cases where our provisions are put on a party well after the fact of signing and agreeing to the terms. So just to be sure I get your point completely accurately, you're saying that generally speaking a summary judgment approach would be the way to go. It's not important in this case because the allegations that you made were not refuted, therefore there are no material issues of fact, no discovery is needed, but that's peculiar to this case. Is that right? That is, that is, yes, what I'm saying, Your Honor. Any further questions? Thank you for your argument. We'll give you two minutes to rebuttal. Thank you, Your Honor. We admit this is an unusual case, and it's unusual because the if you look at the Ninth Circuit cases resolving motions to compel arbitration, including in the unconscionability area, they don't discuss the standard, and same in the Supreme Court cases. Our view is that a kind of a hybrid standard applies, or should apply, similar to the Third Circuit, that you start with the agreement, and then if that, if you determine that that's not clear, then you go to the summary judgment type standard, where there could be a narrow factual inquiry. We would be willing to go along with that standard, which is what the Third Circuit... So basically you are agreeing that, at least just looking at the contract itself, integration clause is fine, but do you agree that if, put yourself on the other side, if you were in their shoes and you wanted to show there was procedural unconscionability, you'd need to conduct discovery in order to know that, would you not? In most instances. In most instances. Okay, so should that not influence the standard that we adopt if we adopt a standard? That should, Your Honor, with a couple of caveats. Number one, the Third Circuit in its discussion said that you get to that standard if there's reasonable evidence disputing the terms of the contract. Number two, the burden is on them. They have to show both procedural and substantive unconscionability, and that's... I was assuming we were flipping the analogy. If you were the plaintiff's, I mean, what... It's so hard for him. If I were the plaintiff's, I'd concede that you... Right, right, right. But sure, I understand. I understand that to show procedural unconscionability, they it's not unconscionable based on the terms of the contract. And as Mr. Wright pointed out, this was, the arbitration was put in after Elite had been a member for six years of the UIIA. Counsel, may I ask the question that I asked opposing counsel? Is there any place in the record where Han Jin took the position that Elite would have been allowed to participate, to do business with Han Jin if it hadn't signed the agreement? That's not in the record, Your Honor, that I'm aware of. But what is in the record is the procedures for the arbitration was done under, which is motor carriers had an equal vote, there was no superior bargaining power on either side, and that Elite itself had the individual ability to comment on that. And Elite doesn't contest those facts, right? And that's uncontested, so... Thank you. Our position basically, Your Honors, is number one, we believe that the contract is clear, that there's no unconscionability, but number two, if you conclude that the contract doesn't provide sufficient factual support for that, then it's... And what should the remedy be in this case, according to you? Your Honor, we believe, our position is that if you look at the contract and the procedures in the contract, there is not procedural or substantive unconscionability. Okay, but you haven't answered my question. I'm sorry. What should... No, I think you didn't answer the question about what he wanted. I'm sorry, I may have misunderstood the question. I'm sorry. He was back to being himself. Do we need to send it back to the district court, according to you? Do we put it in an envelope and mail it to Santa Claus? What do we do? Two-step process, Your Honor. One, you look at the contract, and if you find that the terms of the contract are clear, that there's no unconscionability, then you decide that. And that's your primary position, is that we ought to reverse the district court. If you conclude that the contract does not clearly show that, then you could send it back to the district court for a narrow factual inquiry and some discovery. Thank you both for your arguments. Very helpful. And we'll be in recess for the morning.
judges: Thomas, Smith, Christen